UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-cv-00075-FDW-DSC

| | |
|---|---|
| NOELLE H. SPROUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| TEACHERS INSURANCE AND ) | |
| ANNUNITY ASSOCIATION OF ) | |
| AMERICA, KEITH ATKINSON, NUVEEN, ) | |
| LLC, NED GODWIN, and, NUVEEN ) | |
| SERIVCES, LLC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes now before the Court on Defendant Keith Atkinson's Partial Motion to Dismiss Plaintiff's Complaint, (Doc. No. 8), filed February 15, 2023; Defendant Atkinson's Motion for Hearing re: Partial Motion to Dismiss Plaintiff's Complaint, (Doc. No. 12), filed February 17, 2023; Plaintiff's Motion to Remand, (Doc. No. 20), filed March 10, 2023; and Defendant Atkinson's Motion for Leave to File Surreply, (Doc. No. 26), filed April 12, 2023.

These motions have been fully briefed and are ripe for review. Having reviewed and considered the written arguments and applicable authority, and for the reasons stated below, Plaintiff's Motion to Remand is GRANTED, Defendant Atkinson's Motion for Leave is DENIED,[1] and Defendant Atkinson's Partial Motion to Dismiss and Motion for Hearing are DENIED without prejudice to be refiled in the case on remand.

---

[1] Defendant Atkinson's Motion for Leave to File Surreply is denied because Plaintiff's reply brief properly limited its discussion to matters newly raised in Atkinson's response. See LCvR 7.1. Atkinson argues Plaintiff analyzed her

1

I.  **BACKGROUND**

Plaintiff's motion asks the Court to remand the case to The General Court of Justice, Superior Court Division, in Gaston County, North Carolina, because Defendants wrongfully removed this case. In its Notice of Removal, Defendant asserted diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen and resident of Gaston County, North Carolina. Defendant Keith Atkinson ("Atkinson") is a citizen and resident of Mecklenburg County, North Carolina. Defendant Ned Godwin ("Godwin") is a citizen and resident of Cabarrus County, North Carolina. Defendants Teachers Insurance and Annuity Association of America ("TIAA"), Nuveen, LLC ("Nuveen"), and Nuveen Services, LLC ("Nuveen Services") (collectively the "Company"), are not incorporated in North Carolina and do not have principal places of business in North Carolina. Atkinson, Managing Director and Associate General Counsel of Nuveen, served as Plaintiff's direct manager at the Company. Godwin serves as VP, Health and Wellness for TIAA at the Company.

Plaintiff worked for the Company until the termination of her employment on May 2, 2022. The Company terminated Plaintiff's employment because she did not comply with the Company's COVID-19 vaccine mandate. Plaintiff requested religious and medical exemption from the COVID-19 vaccine mandate, but the Company denied Plaintiff's requests.

Plaintiff filed this case in Gaston County Superior Court and asserted claims of wrongful discharge, civil conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress against all Defendants. Defendants filed a Notice of Removal to this Court on

---

wrongful discharge claim for the first time in her reply to Atkinson's response to Plaintiff's Motion to Remand. However, in his response to Plaintiff's motion, Atkinson newly raised the waiver of Plaintiff's claim for wrongful discharge. Plaintiff properly addressed Atkinson's allegations of waiver by analyzing the wrongful discharge claim in her reply. Therefore, Defendant Atkinson's Motion for Leave is denied.

grounds of fraudulent joinder of Atkinson and Godwin, and Defendants assert complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

## II. STANDARD OF REVIEW

Plaintiff argues remand is appropriate due to incomplete diversity of citizenship jurisdiction under 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332. A defendant may remove a civil action from state court where the action is one that could have been brought originally in a federal district court. 28 U.S.C. § 1441(a). "When federal court jurisdiction is predicated on the parties' diversity of citizenship . . . removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action was brought.'" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83–84 (2005); quoting 28 U.S.C. § 1441(b). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

Defendants argue removal to this Court is proper because Plaintiff fraudulently joined Atkinson and Godwin to this case. The fraudulent joinder doctrine permits this Court to assume jurisdiction over a case, even if complete diversity of citizenship does not exist, to dismiss non-diverse defendants and retain jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). To support removal under the fraudulent joinder doctrine, a defendant must show "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state

3

defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). A defendant must "negate even a slight possibility, or a glimmer of hope that [the plaintiff] might successfully maintain one of her claims against one resident defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). A defendant alleging fraudulent joinder bears the heavy burden of showing the plaintiff cannot establish a claim, even after all issues of law and fact have been resolved in the plaintiff's favor. Id. "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss." Id. "In the absence of a North Carolina case that squarely resolves that [a plaintiff's] claim is not actionable or when the issue involves a judgment call and a federal court cannot say with certainty what a North Carolina court would hold, remand is proper." Geller v. Provident Life and Accident Ins. Co., No. 5:10-CV-96, 2011 WL 1239835, at *5 (W.D.N.C. Mar. 30, 2011).

Defendants do not claim outright fraud in Plaintiff's pleadings of jurisdictional facts. Therefore, Defendants bear the heavy burden of proving Plaintiff has no possibility of establishing a cause of action against Atkinson or Godwin in North Carolina court. After resolving all issues of law and fact in Plaintiff's favor, the Court concludes Defendants do not satisfy this burden. The Court addresses each claim in turn.

### III. ANALYSIS

Defendants have not met their heavy burden to "negate even a slight possibility" that Plaintiff would be able to establish a cause of action for intentional infliction of emotional distress against Atkinson and Godwin. Hartley, 187 F.3d at 424. Plaintiffs are not barred from bringing intentional infliction of emotional distress claims against fellow employees in the workplace. See

4

O'Neal v. Harrison, No. 5:14-CV-198, 2015 WL 1084321 (E.D.N.C. Mar. 11, 2015); see also Wilson v. S. Nat'l Bank, 900 F.Supp. 803 (W.D.N.C. Mar. 9, 1995); see also Hogan v. Forsyth Country Club Co., 340 S.E.2d 116 (N.C. 1986). An intentional infliction of emotional distress claim requires a plaintiff to show "1) extreme and outrageous conduct by the defendant, 2) which is intended to and does in fact cause, 3) severe emotional distress." Waddle v. Sparks, 414 S.E.2d 22, 27 (N.C. 1992). Whether conduct meets this standard is a question of law for the court to decide. Guthrie v. Conroy, 567 S.E.2d 403, 408 (N.C. Ct. App. 2002). "It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress." Thomas v. N. Telecom, 157 F.Supp.2d 627, 635 (M.D.N.C. 2000). Some federal district courts have held that employee COVID-19 vaccination mandates do not give rise to support intentional infliction of emotional distress claims. See Cala v. Moorings Park Cmty Health, Inc., No: 2:22-CV-635, 2022 WL 17405581, at *5 (M.D. Fla. Dec. 2, 2022), reconsideration granted, 2023 WL 1102646 (M.D. Fla. Jan. 30, 2023); see also Finkbeiner v. Geisinger Clinic, No. 4:21-CV-1903, 2022 WL 3702004, at *7 (M.D. Pa. Aug. 26, 2022). However, in Cala and Finkbeiner, the federal district courts attained proper jurisdiction over the intentional infliction of emotional distress claims because the plaintiffs also brought federal claims under Title VII. Cala, 2022 WL 17405581, at *2; Finkbeiner, 2022 WL 3702004, at *3. Plaintiff brings no such claims here.

While it is rare to find conduct in the employment context that will give rise to intentional infliction of emotional distress claims, a plaintiff is not barred from bringing intentional infliction of emotional distress claims against fellow employees. North Carolina state and federal courts have not "squarely decided" the issue of intentional infliction of emotional distress claims related

to employee COVID-19 vaccine mandates. Geller, 2011 WL 1239835, at *5. Without a case squarely deciding the issue, this Court will not make a "judgment call" about the actionability of Plaintiff's intentional infliction of emotional distress claims related to an employee COVID-19 vaccine mandate. Id. The issue is for a North Carolina state court to decide.

Since Plaintiff's intentional infliction of emotional distress claims against Atkinson and Godwin survive this stage of the pleadings, this Court need not determine whether Plaintiff would be able to establish a cause of action for civil conspiracy,[2] negligent infliction of emotional distress,[3] or wrongful discharge.[4] Remand is proper, and this Court will not speculate whether Plaintiff's additional claims would survive in a North Carolina state court.

## IV. CONCLUSION

Because Defendants failed to negate even a slight possibility, or "glimmer of hope," Hartley, 187 F.3d at 424, that Plaintiff might successfully maintain her intentional infliction of emotional distress claims against Atkinson and Godwin in North Carolina court, removal was not proper. This Court is of limited jurisdiction, and remand is proper.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand, (Doc. No. 20), is GRANTED. Defendant Atkinson's Motion for Leave, (Doc. No. 26), is DENIED, and Defendant

---

[2] North Carolina law recognizes the intra-corporate immunity doctrine, which states "a corporation cannot successfully conspire with its own officers, employees, or agents." Tate v. Sallie Mae, Inc., No. 3:10-CV-386, 2011 WL 3651813, at *3 (W.D.N.C. Aug. 19, 2011); citing ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 169 (4th Cir. 2002).

[3] North Carolina's Workers' Compensation Act bars negligence actions against co-employees. McKinney v. Cleveland Cnty. Bd. Educ., No. 3:20-CV-221, 2020 WL 6803846, at *5 (W.D.N.C. Nov. 19, 2020); citing Trivette v. Yount, 735 S.E.2d 306 (N.C. 2012).

[4] "An employee may only bring a common law wrongful discharge claim against his employer, and claims made against an employer's agents, such as coworkers and supervisors, will be dismissed." See McAdams v. N.C. Dep't Com., 794 S.E.2d 556 (N.C. App. 2016); see also Lorbacher v. Hous. Auth. City of Raleigh, 493 S.E.2d 74, 79 (N.C. App.1997).

Atkinson's Partial Motion to Dismiss and Motion for Hearing, (Doc. Nos. 8, 12), are DENIED without prejudice to be refiled in the case on remand.

IT IS SO ORDERED.

Signed: May 1, 2023

Frank D. Whitney
United States District Judge